**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

       **Plaintiff,**　　　　　　　　NO.  08-CV-10618
　　　　　　　　　　　　　　　　　　　　NO.  01-CR-80967

 **VS.**　　　　　　　　　　　　　　**DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**DARNELL ROBERTSON,**　　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS AND SETTING A BRIEFING SCHEDULE**

This matter comes before the Court on Defendant's Motions to Amend (docket nos. 109, 111) his Motion to Vacate Sentence.  Defendant has also filed a Motion for Evidentiary Hearing. (Docket no. 108).  Finally, Plaintiff filed a supplemental brief which could be construed as another motion to amend his Motion to Vacate Sentence.  (Docket no. 117).  Plaintiff filed all of these motions *pro se* although he now has appointed counsel.  (Docket no. 113).  No responses have been filed by the Government. All matters have been referred to the undersigned for decision.  (Docket no. 110).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  These matters are now ready for ruling.

    **1.**　　**Motions to Amend**

Defendant's Judgment was entered on February 8, 2007.  (Docket no. 94).  He did not file a notice of appeal.  His conviction therefore became final ten days after entry of judgment on February 23, 2007.  Fed. R. App. P. 4(b); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004).  Defendant had one year from that date, or until February 25, 2008 because February

23 fell on a Saturday, to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 absent circumstances not present in this case. 28 U.S.C. § 2255(f). Defendant's Motion to Vacate Sentence was filed on February 12, 2008 and raises only a claim of ineffective assistance of counsel because counsel allegedly failed to assist Defendant in establishing his innocence to an additional 2-kilogram cocaine base sentencing enhancement. (Docket no. 104 at 2). Defendant's motions to amend were all filed well after the expiration of his one-year limitation period. The attempts to amend are therefore futile unless they relate back to the original motion. Because Defendant's first two motions to amend are devoid of any details regarding the changes he wishes to make, Defendant has failed to show that they relate back. Therefore, docket nos. 109 and 111 will be denied.

In Defendant's supplemental brief, docket no. 117, Defendant argues a new claim. He contends that counsel failed to file a timely notice of appeal or failed to properly consult regarding an appeal. (Docket no. 117 at 2). This is a claim based on different facts than the claim he raised in his original section 2255 motion. This claim therefore does not relate back to his original motion and is time-barred. *See Patton v. United States*, 2007 WL 1796225, slip op. at *7 (E.D. Mich. June 20, 2007). To the extent that docket no. 117 is construed to be another motion to amend, that motion is denied also.

    **2.**    **Motion for Evidentiary Hearing**

Defendant filed a Motion for Evidentiary Hearing. (Docket no. 108). The determination of whether a hearing will be held must be made after the Government's response is received. Rule 8, Rules Governing Section 2255 Motions. Defendant's motion is therefore premature and will be denied without prejudice. The Court will order an evidentiary hearing if it is appropriate under Rule 8 after considering the Government's response.

**3.     Briefing Schedule**

Counsel for Defendant was appointed after Defendant filed his original motion. The Court will therefore give counsel an opportunity to file a brief in support of the claim raised by Defendant in his section 2255 motion. Following any such filing, the Government will file its Answer pursuant to Rule 5, Rules Governing Section 2255 Proceedings. Finally, Defendant will have an opportunity to file a Reply. Defendant is cautioned that because he is now represented by counsel, only motions and briefs filed by counsel will be considered by the Court.

**IT IS THEREFORE ORDERED** that Defendant's Motions to Amend (docket nos. 109, 111) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Evidentiary Hearing (docket no. 111) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's counsel may file a brief in support of Defendant's Motion to Vacate Sentence on or before February 27, 2009. Government's counsel shall file an Answer on or before April 24, 2009. Defendant's counsel may file a Reply brief on or before May 8, 2009.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 27, 2009                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Darnell Robertson and Counsel of Record on this date.

Dated: January 27, 2009                        s/ Lisa C. Bartlett
                                                                Courtroom Deputy