**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES**
**OF AMERICA,**

               **Respondent,**　　　**CRIMINAL ACTION NO. 01-CR-80967-DT**
　　　　　　　　　　　　　　　**CIVIL ACTION NO. 08-CV-10618-DT**
   **vs.**

　　　　　　　　　　　　　　　**DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**DARNELL ROBERTSON,**　　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

           **Movant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**　**RECOMMENDATION:** Movant Robertson's Motion to Vacate Sentence (No. 01-80967,
docket no. 104) should be **DENIED**.

**II.**　**REPORT:**

This is a motion to vacate sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.
(Docket no. 104).  Movant filed his motion on February 12, 2008.  He filed a memorandum in
support of his motion on March 23, 2009.  (Docket no. 125).  His Judgment was entered on February
8, 2007.  (Docket no. 94).  Movant pled guilty to distribution of cocaine base in violation of 21
U.S.C. § 841(a)(1).  (*Id*.).  The district court sentenced him to 273 months in prison.  (*Id*.).

Ground I of Movant's motion is an ineffective assistance of counsel claim.  (Docket no. 104).
He claims that he pled guilty to distribution of 50 grams or more of cocaine base but that the facts
he admitted relate only to distribution of 135.5 grams of cocaine base.  (*Id*.).  Counsel's
representation allegedly fell below the professional norm where counsel failed to assist Movant in
establishing his innocence of an additional 2 kilogram quantity of cocaine for which he was held

-1-

responsible under his plea agreement and at sentencing. (*Id*.). Movant also alleges that he "suffered a deprivation of his due process rights which resulted in a sentence in excess of that permitted by law." In Count II of his Complaint Movant again raises an ineffective assistance of counsel claim and states that the facts supporting his assertion are that defense counsel abandoned him at a critical proceeding which deprived Movant of his right to effective counsel and a fair proceeding. (*Id*.).

Respondent filed its Response to the section 2255 motion on April 10, 2009. (Docket no. 126). Respondent argues that Movant procedurally defaulted all claims because he failed to file an appeal and has failed to show cause and prejudice to excuse his default. (*Id*. at 4). Respondent also argues that Movant cannot establish ineffective of counsel because defense counsel negotiated a plea agreement that allowed Movant to avoid a mandatory life term of imprisonment and because Movant was informed of and accepted all terms of the agreement and told the court that he was satisfied with counsel's performance. (*Id*. at 6).

Movant filed a Reply brief on May 15, 2009. (Docket no. 127). This matter was referred to the undersigned for a Report and Recommendation. (Docket no. 110). The Court dispenses with oral argument and finds that an evidentiary hearing is not required because the motion and records and files of this case conclusively show that Movant is entitled to no relief. 28 U.S.C. § 2255(b). This matter is therefore now ready for ruling.

**A.     Facts**

The record shows that Movant pled guilty pursuant to a plea agreement on November 1, 2006. (Docket no. 90). Prior to his plea agreement the government had filed an Information for a sentence enhancement pursuant to 21 U.S.C. § 851 and 841(b)(1)(A) alleging that Movant had four prior drug felony convictions. Section 841(b)(1)(A) provides for a penalty of mandatory life

-2-

imprisonment without release for the commission of the offense after two or more prior convictions

for a felony drug offense have become final.  (Docket no. 82).  Because of Movant's charges and

his previous convictions he was subject to a statutory minimum and maximum term of imprisonment

of life.  (*Id.*).  Movant does not dispute that he was subject to this enhancement if convicted of the

offense for which he pled guilty.  Movant states that he had a "goal of avoiding the Section 851

enhancement" and discussed that with counsel.  (Docket no. 127 at 14).

Movant signed a plea agreement which provides that he will enter a guilty plea to Count III

which charges that he distributed 50 grams or more of cocaine base.  (Docket no. 125 at 5-11).  The

factual basis for the plea was that Movant sold approximately 135.5 grams of cocaine base to co-

defendant Sistrunk who then sold the narcotics to an undercover DEA agent in a controlled buy.  (*Id.*

at 6).  The factual basis further recites that Movant "provided a written statement to law enforcement

agents admitting to the distribution" and "also admitted that he had up to an additional 2 kilograms

of cocaine base located in a cardboard box on the kitchen counter of a residence used for trafficking

in controlled substances."  (*Id.*).  The plea agreement states that "[t]here are no sentencing guideline

disputes," and that Movant's guideline range is 262-327 months.[1]  (*Id.* at 7).  Movant agreed to

waive his right to appeal if his sentence did not exceed this agreed upon maximum sentence.  (*Id.*

---

[1] Because there was no dispute under the sentencing guidelines, contrary to Movant's
argument there was no need for the government to prove any sentencing factor or for the court to
rule on any factor in the sentencing hearing.  (Docket no. 127); *see* Fed. R. Crim. P. 32(i)(3)
(requiring court to rule on unresolved objections to report).  Moreover, Movant knowingly and
voluntarily agreed to be sentenced on the information in the report including possession of the 2
kilograms of cocaine.  Assuming the inaccuracy of that information, by not objecting Movant likely
waived any right he had to not be sentenced on materially inaccurate information, and at any rate
would have to show cause and prejudice to excuse his procedural default which he has not done.
*King v. United States*, 2007 WL 1974948, slip op. at *1 (S.D. Ohio June 29, 2007) (claim of being
sentenced on false information likely waived by failure to object at sentencing or to PSR and subject
to cause and prejudice analysis).

at 10).  If Movant is allowed to withdraw his plea, the agreement provides that the Court shall, on

the government's request, reinstate any charges that were dismissed as part of this agreement.  (*Id*.).

The transcript of Movant's plea hearing shows that he was 39 years old and had graduated

with honors when obtaining his GED.  (Docket no. 125 at 23).  Movant stated that he was satisfied

with counsel's advice and the service he had rendered to date.  (*Id*. at 25).  Immediately after this

statement, counsel advises the court that Movant has a problem with the wording of the plea

agreement.  (*Id*.).  Counsel says that he had advised Movant that if he does not plead, "he goes back

to an 851."  (*Id*.).  Counsel states that he had told Movant that he does not have to "do this today,"

and that he does not "want later on someone to suggest that [counsel] did not give [Movant] an

opportunity to go over all this, nor did [the court]."  (*Id*.).  The court stated that it had no interest in

taking a plea from someone who is reluctant to enter it.  (*Id*. at 26).  Movant responded that he was

"not reluctant to take the plea because, I mean, the plea is okay with me."  (*Id*.).  The court then

asked what the question was that Movant had, and counsel responded that it concerned the portion

of the plea agreement that stated that Movant had admitted that he had up to 2 kilograms of cocaine

in his kitchen.  (*Id*.).  Counsel asked if Movant was saying that he did not make that statement, and

Movant responded "No. I just wonder why that is – I am not being charged with that but it's on

here."  (*Id*.).  The court responded that Movant was being charged with distribution of 50 grams or

more of cocaine base.  (*Id*. at 27).  The court asks why this amount, over and above the 135.5 grams,

is being included in the plea agreement, and the prosecutor responds that it is relevant conduct for

sentencing guidelines purposes.  (*Id*.).  The government's intent is that Movant be sentenced in the

range reflected in the plea agreement which is greater than Movant's co-defendants' sentences

because Movant was the head of the three-member drug conspiracy.  (*Id*.).

-4-

The court then asks Movant if he wants to put off the hearing because the court will not take a plea from someone who has reservations about it. (*Id*. at 27-28). Movant responds, "I will stick with the plea" and reiterates that he wants to go forward that day. (*Id*. at 28). The hearing then continues without incident. In explaining the plea agreement, the prosecutor states that the government has already filed a motion subject to Movant's guilty plea being accepted to withdraw an enhancement pursuant to 21 U.S.C. § 851. (*Id*. at 34). The court after further questioning found that Movant's plea was knowingly, freely and voluntarily made. (*Id*. at 39). The court also signed the order dismissing Movant's sentencing enhancement. (*Id*. at 40).

During Movant's sentencing hearing this same issue arose when the court was about to accept the plea agreement. Movant said that he had a problem with one part of the agreement. (Docket no. 125 at 47). Movant stated that he did "not want to back out of the plea" but that he had a problem with part of it. (*Id*.). Movant stated that he wanted the court to accept the plea agreement but did not agree with "the two kilo that they put" in it. (*Id*. at 48). Movant stated that he did not understand it and wanted it explained again. (*Id*.). The court took a recess. After the recess, the court did not revisit the issue of accepting the plea agreement but moved into whether there were any objections to the presentence report. (*Id*.). Counsel spoke before sentencing explaining that he was not certain that Movant would understand why he was subject to the section 851 enhancement no matter how much explaining anyone did. (*Id*. at 49). Movant spoke on his own behalf, declared that he was not a career drug dealer, and expressed his belief that it was "not right" for him to be held responsible for something "over and beyond" what he did and had admitted to the court. (Docket no. 125-2 at 1). The prosecutor revealed that Movant's two co-defendants had already been sentenced and were prepared to testify against Movant at a trial of this matter. (*Id*. at 2). The court

-5-

sentenced Movant to 273 months in prison.  (*Id*. at 5).

**B.     Standard**

In order to establish ineffective assistance of counsel, a defendant must first show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir. 2008), *petition for cert. filed,* (Apr. 2, 2009).  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires a showing that the errors were so serious that they deprived the defendant of a fair trial, a trial whose result was reliable. (*Id*.).  When the ineffective assistance claim is in the context of a guilty plea, in order to satisfy the prejudice requirement, "'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" (*Id*. at 415-16 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985))).  The Court finds that Movant makes only a claim of ineffective assistance of counsel in his Motion to Vacate Sentence.  (Docket no. 104).  His reference to the denial of due process by being denied a fair trial is subsumed by the prejudice requirement of the ineffective assistance inquiry.  *See Railey*, 540 F.3d at 415.

**C.     Analysis**

**1.     Deficient Performance**

Movant claims that counsel performed deficiently by failing to assist him in proving his innocence of the 2 kilos of cocaine base for which he was held responsible.  (Docket no. 104 at 2). The record shows that Movant was facing a mandatory life sentence if convicted of the charge of distributing cocaine base, to which he freely admits his guilt.  In addition, the government's case was very strong because his two co-defendants were prepared to testify against him which would no

doubt be in addition to the testimony of the undercover DEA agent who made the controlled buy of the 135 grams of cocaine base from one co-defendant. There is no showing of any evidence which might have helped Movant at trial. Under these circumstances, defense counsel reasonably pursued plea negotiations with the government. The government's position was that Movant had to agree to a guideline range which would include a sentence above the lengthiest co-defendant's sentence. In addition, the prosecutor's position was that they had Movant's signed statement stating that he had 2 kilos of cocaine base at his residence. (Docket no. 127, attached Affidavit No. 2 of Movant, at 2). The government included that amount in Movant's plea agreement to justify the guideline range that it desired for Movant.

Movant contested then and still contests whether he ever made such an admission. However, that is not a material factual issue for purposes of this motion. Movant was subject to the section 851 enhancement whether or not he was responsible for this 2 kilos of cocaine. He admits his guilt of the section 841 distribution offense involving more than 50 grams of cocaine base and does not contest his qualifying predicate convictions for that enhancement. Movant's goal was to avoid that enhancement. Counsel therefore reasonably presented the government's plea proposal which, although resulting in a substantial sentence, would save Movant from a life sentence. Movant knew that under the plea agreement he would be sentenced to between 262 and 327 months. He was sentenced within that range to 273 months. The record conclusively shows that Movant freely and voluntarily agreed to plead guilty and to be sentenced within that range. *See Hunter v. United States*, 160 F.3d 1109, 1116 (6th Cir. 1998) (because movant knew that his plea carried certain sentence, the fact that he allegedly did not know that sentence was the penalty for 35 grams of cocaine, rather than 13 grams, "does not mean that the plea was not voluntary and intelligent"). Any

-7-

objection by counsel to the 2 kilogram amount would have removed the possibility of Movant receiving a sentence of anything less than life in prison. His failure to object to this amount was therefore not deficient performance. Movant fails to establish the first prong of the test for ineffective assistance of counsel.

### 2.      Resulting Prejudice

Movant has also wholly failed to show the resulting prejudice required to establish the second prong of the test for ineffective assistance of counsel. Movant does not seek to withdraw his guilty plea. He complains that he was prejudiced by being sentenced to more time than he would have been sentenced if he had only been held responsible for the 135.5 grams of cocaine base. (Docket no. 127 at 26). The record makes clear, however, that the government was not interested in an agreement with Movant for such a shortened sentence. The government would agree to only the sentencing range contained in his plea agreement because it believed Movant to be the head of the conspiracy and wanted a sentence for him greater than that received by co-defendant Sistrunk. The only two options were therefore for Movant to plead to the agreement offered or go to trial and risk a life sentence. Movant was not prejudiced by counsel advising him to accept the government's plea offer and not objecting to the 2-kilogram amount of cocaine.

In addition, the second prong of the *Hill* test requires Movant to establish that there was a reasonable probability that but for counsel's alleged errors, he would have insisted on going to trial. *Railey*, 540 F.3d at 415-16. There is no reasonable probability that Movant would have gone to trial and risked a life sentence knowing the evidence that would be presented against him in this case. He does not even argue that he would have done so. Under such circumstances, the claim of ineffective assistance because counsel failed to get him as good a sentence as he could have under

-8-

a plea agreement fails to meet the *Hill* standard.  *Short v. United States*, 471 F.3d 686, 696 (6th Cir.

2006) (allegation that defendant would have rejected plea offer and obtained more favorable terms

by pleading guilty to all charges in indictment "falls short of the *Hill* standard.").  Movant has failed

to establish the second prong of the test for ineffective assistance of counsel.

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C.

§ 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver

of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &*

*Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve

all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*& Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*,

829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections

is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must

recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later

than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  June 04, 2009        s/ Mona K. Majzoub_____
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Darnell Robertson and Counsel of Record on this date.

Dated:  June 04, 2009        s/ Lisa C. Bartlett_____
                              Courtroom Deputy

-10-